## W. F. MILLER, ET AL., v. F. S. GOSNELL, ET AL.

**Mandamus—Party Plaintiff.**

Mandamus is a proper action to compel the city council to make a levy pursuant to the statute to raise funds for the use of the schools in the city in procuring school buildings and affording school facilities; and such action is properly brought in the name of the board of trustees of the schools, whose duty it is to provide school facilities and handle and receive the funds for such purpose.

**Separate School Act—Constitutionality—Wisdom of Act.**

An act is not unconstitutional because it provides that a fund to be raised by taxation is to be used to furnish school facilities to white children only. An act will not be declared unconstitutional because the court merely doubts legislative power.

**Separate School Act—Constitutionality—Discrimination.**

Where it is shown that the colored children of Louisville have been fully provided with school facilities by a general tax on all taxable property, a similar tax for a similar purpose for white children is not an unconstitutional discrimination in their favor.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

February 7, 1877.

OPINION BY JUDGE ELLIOTT:

This is an appeal from a judgment of the lower court on the petition of the appellees to compel appellants to levy a school tax of

eight cents on the $100 worth of property of the taxpayers of the city of Louisville, by virtue of an act of the legislature of this state passed February 1, 1876.

The first section of the act provides that "for the purpose of enabling the board of trustees of the male high school, the female high school, and the public schools of the city of Louisville to build, enlarge, procure, repair or purchase such schoolhouse or schoolhouses as may be necessary or suitable in the various wards of said city for the use of white children, the general council of Louisville shall cause to be annually levied a tax of eight cents on each one hundred dollars worth of real estate and improvements and mixed property, and on such personal property, money and choses in action as shall exceed the owner's debts, now subject to taxation, or within the taxable limits of said city. Said tax, when levied, shall be passed to the credit of the school fund on the books of the city of Louisville, and shall be paid to the board of trustees by the receiver of city taxes in the same manner that other funds belonging to said board is now paid over by said city."

It appears from the pleadings and evidence in this cause that the appellants, the city council of the city of Louisville, on demand failed and refused to make the levy of the tax as required by the act, supra, and on petition of appellees the board of trustees of the male high school, the female high school and the public schools of the city of Louisville, a mandamus was awarded against them to coerce a compliance with the law by a levy of the tax, etc.

By the charter of the city of Louisville the appellees are vested with very full power and control over the school funds of said city. The school board is given "the control and management of said schools, and the property and funds belonging thereto, and their establishment, management and maintenance under the provisions of this charter or otherwise, shall be vested in the said board of trustees." It has the power to borrow money and pledge the future school taxes for repayment and to collect tuition, etc.

The school board of trustees of the city of Louisville is at least a quasi corporation, and such corporations are authorized to sue and be sued. Angell & Ames on Corporations, Secs. 23, and 24. By Sec. 33 of the Civil Code, trustees of an express trust are authorized to sue without joining their beneficiaries, as was done in this case. The very act under which this proceeding was instituted requires that the tax, when collected, "shall be passed to the credit of the school fund on the books of the city of Louisville, and shall be paid

to the board of trustees by the receiver of city taxes in the same manner that other funds belonging to said board is now paid over by the said city."

It would have been very useless for the legislature to direct these taxes to be collected and paid over to these appellees if they were vested with no power or authority to compel or coerce a compliance with the law. We are therefore of opinion that the appellees were the proper parties to have brought this suit, and that the public has no such interest in the fund as would require a suit by the commonwealth.

It is said that the act directing the levy of the school tax is unconstitutional because it devotes the fund for the erection and repair of schoolhouses for the use of white children only. The policy and justice of legislation belong not to judicial but to legislative discretion, and to merely doubt legislative power is not enough to justify judicial resistance. *City of Louisville v. Hyatt*, 2 B. Mon. 178.

According to the evidence in this cause the colored children had been amply provided with schoolhouses by funds raised by a general tax on all the taxpayers of the city, without distinction of race or color, and it was for the purpose of furnishing equal school accommodations to the white children that were enjoyed by the colored ones that the tax of eight cents was directed to be levied. When it was contended that the fund raised by this tax was to be unequally distributed, the appellees had a right to show that, the colored children having been provided with ample schoolhouse accommodations, this tax was intended to afford similar accommodation for the white children of the city.

Where constitutional uniformity or equality of taxation is denied, evidence will be heard to show its equality and uniformity. *Cheaney v. Hooser,* 9 B. Mon. 330; *City of Covington v. Southgate,* 15 B. Mon. 491; *Courtney v. City of Louisville,* 12 Bush 419.

We are of opinion from the evidence that the colored children having been fully provided with schoolhouse accommodation by a general tax of the property of all the taxpayers of the city, a similar tax for a similar purpose for white children was not an unconstitutional discrimination in their favor, and that therefore the tax authorized by the act supra was not unconstitutional.

But it is insisted that the city council had a discretion to levy the tax at any time during the year 1876, and that appellees had no cause of action until the close of the year 1876. It is a sufficient an-

swer to this position to say that the appellants give as a reason for not levying the tax that they believe the act directing its levy to be unconstitutional, and it cannot be presumed that they would have voluntarily done an act which they conscientiously believed to be a violation of the Constitution. Besides, the appellees did not institute coercive measures against them till July last, and not until they had ordered the levy of all the other taxes of the city, leaving this one out, and not until a levy of this tax had been demanded and refused.

Generally when the law requires an act to be done, but fixes no time within which it is to be done, it must be done in a reasonable time. In this case the city council not only had a reasonable time, but had made the tax levy for the city and left this tax out, and then on demand refused to levy it because, as the council says, it was believed to be unconstitutional, and the fear was indulged that if this tax was levied it would endanger the collection of all the other taxes levied on the taxpayers of the city..

We are of opinion from the pleadings and evidence in this cause that the appellants had not, when they were sued, levied the taxes as required by the act of February 1, 1876, and we are also of opinion that they did not intend to levy the same for reasons satisfactory to themselves.

Wherefore the judgment of the lower court is *affirmed.*

*T. L. Bennett, James Speed, for appellants.*

*Muir B. Davies, A. G. Corrinth, for appellees.*